THE STATE, THE NEW YORK AND LONG BRANCH RAILROAD COMPANY, PROSECUTOR, v. JAMES CAPNER ET AL.

1. When the lands of a railroad company are crossed by the laying out of a public highway which intersects the tracks and station grounds of the railway at right angles, the railroad company is entitled to an assessment of damages by reason of laying out the highway.

2. A public road cannot be laid across a railroad within five hundred feet of an existing public road, since the passage of the act of 1881. *Rev. Sup., p.* 874, § 10.

On *certiorari.* In matter of road.

Argued at February Term, 1887, before Justices VAN SYCKEL, MAGIE and PARKER.

For the plaintiff, *John S. Applegate.*

For the defendants, *Thomas J. Cloke.*

The opinion of the court was delivered by

VAN SYCKEL, J. This *certiorari* brings up for review the proceedings and return of surveyors of the highways in laying out a public road in the township of South Amboy, in Middlesex county. The return must be set aside for the following reasons :

1. Because no assessment of damages is made to the relators. The road as laid out crosses the said railroad at right angles, intersecting its tracks and station grounds and platform at right angles. Yet the return says that " the road does not pass over lands of any individual or corporation, and therefore no assessment is made." *State* v. *Garretson,* 3 *Zab.* 388 ; *State* v. *Runyon,* 4 *Zab.* 256.

2. The railroad station and station-house are not shown upon the map returned by the surveyors. *Hoffman* v. *Rodman,* 10 *Vroom* 252 ; *State* v. *Hulick,* 8 *Vroom* 70.

3. The surveyors were ordered to meet on the 31st of October, 1885, and they met on January 16th, 1886, and proceeded to lay out the road, without having made legally the intermediate adjournments.

4. The public road is laid across the road-bed and tracks of the prosecutor, within five hundred feet from other public roads which cross the said railroad, contrary to the act of March 25th, 1881. *Rev. Sup., p.* 874, § 10.

On account of engagements in the Circuit, Mr. Justice Parker took no part in the decision of this case.